CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

July 14, 2025

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **TOCCARA PULLER**, | ) | |
| Plaintiff, | ) | Civil Action No. 7:24cv00876 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LT. QUARLES, et al.**, | ) | By:  Pamela Meade Sargent |
| Defendants. | ) | United States Magistrate Judge |
| | ) | |

Plaintiff, Toccara Puller, ("Puller"), a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Lt. Quarles, ("Quarles"), and Sgt. Stone, ("Stone"), staff members at Fluvanna Correctional Center for Women, ("Fluvanna"), alleging that they denied her access to her legal mail while she was placed in the Restrictive Housing Unit, ("RHU"). The case was transferred to the undersigned on May 23, 2025, by the consent of the parties pursuant to 28 U.S.C. § 636(c). (Docket Item No. 21.) The matter is before the court on the Defendants' Motion To Dismiss For Failure To State A Claim, (Docket Item No. 22) ("Defendants' Motion"), and plaintiff's motion for summary judgment, (Docket Item No. 25) ("Plaintiff's Motion"). For the reasons discussed below, the court will grant the Defendants' Motion and deny the Plaintiff's Motion.

1

## I.

In her Complaint, (Docket Item No. 1) ("Complaint"), Puller alleges "Lt. Quarles and Sgt. Stone refused my legal mail and denied me my legal mail [and legitimate] correspondence due to my housing status in [Building] 8 RHU." (Complaint at 2.) In her sworn Preliminary Statement attached to Plaintiff's Motion, Puller alleges that her:

> legal right to access of the courts was denied by Lt. Quarles and Sgt. Stone on May 21 2024 @ approx. 5:31 pm in [Building] 8C cell 201. Due to this denial plaintiff['s] constitutional rights 1, 6, 8, 14 were violated and the lack of legal mail given [manila] envelopes, left the litigation against the state and Arlington County Sheriffs unanswered and dismissed without prejudice leaving plaintiff['s] son JP 2022 in the hands of the [government] who sexually abused him and human trafficked him for a profit of $100 million dollars and the conspiracy to kill the plaintiff and her son as a hate crime with dangerous [multiple] incidents even in the community at a court ordered apartment. On this date at around the documented time Lt. Quarles carried inmate Puller[']s bag to cell 8C 201 and back to the property room and demanded the Arlington County grievances back as I demanded all my legal mail and [manila] envelopes that Lt. Quarles stated I could not have due to being housed in [Building] 8C 201. Sgt. Stone followed Lt. Quarles in the denial and closed my tray slot and stated sorry and walked away. My freedom of speech and due process access to the courts and cruel and unusual punishment happened for 1, 6, 8, and 14th constitutional rights and frustrated several [nonfrivolous] claims in the U.S. District Court for Eastern and U.S. Court of Appeals Fourth Circuit. They were eventually dismissed without prejudice after I was denied my legal mail on May 21 2024 @ 5:31 and after, this time by both entities.

(Plaintiff's opposition and reply to defendants['] motion to dismiss and or motion for summary judgment and memorandum in support, (Docket Item No. 25-1) ("Plaintiff's Opposition"), at 1-3.)

In this sworn statement, Puller further stated:

Plaintiff has a minor son and unlawful incarceration that had to be rewritten for a particular complaint on the matter in which plaintiff sought justice for her minor son JP 2022 and herself for being framed and unlawfully incarcerated around the human [trafficking] of her son and privacy and security violations to include plaintiff's [multiple] rapes with [chloroform] gas and irreparable harm to her infant son. The loss suffered is the endangerment with my minor son JP 2022 and false allegations to assist his [disappearance] at the hands of a Virginia government connected to [Fluvanna], and Arlington County VA and Fairfax VA.

…The constitutional rights violated in this legal matter is constitutional rights #1, freedom of speech, #6th due process violations to pro se litigation at the time on the matters in courts the Eastern District Court and Court of Appeals Fourth Circuit in Richmond, VA and 14th Amendment violations with due process and respect to life and 8th amendment which was cruel and unusual because the defendants frustrated and impeded [multiple] pro se [nonfrivolous] claims in the denial response for legal mail and [manila] envelopes obtained by plaintiff in [Building] 8C 201 on May 21, 2024[.]

The allegations made were and are serious and the defendants interfered with the pro se legal responses in other U.S. District Courts in Richmond, VA. Sgt. Stone was asked after Lt. Quarles took my legal mail bag back to property closed my cell door 201 8C tray slot and stated he was unable to give me my legal mail as well "sorry" was what he stated and left my pro se litigation cases unanswered.

(Plaintiff's Opposition at 5-7.)

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6)

motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Twombly*, 550 U.S. at 555; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

4

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of pleadings is particularly appropriate where . . . there is a Pro se complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

## III.

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The court construes Puller's Complaint as attempting to assert a constitutional claim for denial of access to the courts. "State inmates 'have a constitutionally protected right of access to the courts that is rooted in the Petition Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment.'" *Dieffenbacher v. Young*, 2025 WL 1805331, at *4 (W.D. Va. June 30, 2025) (quoting *DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019)); *see also Pink v. Lester*, 52 F.3d 73, 76 (4th Cir. 1995). "This right of access for prisoners is not unlimited, however; rather, it encompasses only 'a reasonably adequate opportunity to file

nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez,* 110 F.3d 299, 310-311 (5th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 356 (1996)). To state a viable claim for denial of access to the courts, a plaintiff must plead facts showing that she has suffered an "actual injury" as a result of the denial of access. *See Lewis*, 518 U.S. at 351; *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (emphasizing that a prisoner must "identify an actual injury" resulting from the denial of access and "cannot rely on conclusory allegations"). To satisfy the "actual injury" requirement, a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that has been frustrated or impeded as a result of the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3). Thus, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher*, 536 U.S. at 415.

The defendants argue that Puller's Complaint does not satisfy this requirement. Puller's Complaint alleges only "Lt. Quarles and Sgt. Stone refused my legal mail and denied me my legal mail … [and legitimate] correspondence due to my housing status in [Building] 8 RHU." **(**Complaint at 2.) Puller's Complaint does not mention any underlying claim, much less how the defendants' actions frustrated or impeded her pursuance of that claim. Even after considering the allegations raised in Puller's sworn Plaintiff's Opposition, Puller fails to satisfy the "actual injury" requirement to state a viable claim. Puller fails to identify any specific claim or cause of action, either existing or anticipated, challenging her conviction or conditions of confinement,[1] or how the temporary denial of access to

---

[1] Insofar as Puller mentions any specific claims, those claims appear to related to alleged sexual assaults against her and the alleged sex trafficking of and other dangers posed to her minor son. (Plaintiff's Opposition at 5-7.)

6

her legal mail frustrated or impeded any such claim. While Puller mentions two specific courts, she leaves this court to guess what her unstated claims or causes of action were, and she provides no information from which this court could find that she has or had any nonfrivolous, arguable claim. Nor does she provide the court with any information showing that she missed any specific court deadlines resulting in either dismissal of a claim or the inability to file a claim. Mere conclusory allegations that the defendants' action frustrated or impeded her nonfrivolous claims is not sufficient. *See Twombly*, 550 U.S. at 555.

Insofar as Puller's allegations could be construed as attempting to raise an Eighth Amendment cruel and unusual punishment claim, this court has held that allegations that a prisoner "experienced emotional distress as a result of not being able to access his legal property" are not sufficient to state an Eighth Amendment claim. *Carter v. Smith*, 2024 WL 3911928, at *6-7 (W.D. Va. Aug. 22, 2024) (prisoner must allege "extreme deprivations" resulting in "serious or significant physical or emotional injury" or "demonstrate a substantial risk of … serious harm" resulting from the challenged conditions to state a viable Eighth Amendment claim).

## IV.

For the reasons discussed, the court will grant the Defendants' Motion, deny the Plaintiff's Motion and dismiss this matter without prejudice for failing to state a claim upon which relief may be granted.

**ENTERED:** July 14, 2025.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

7